IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FOOS, | No. CIV S-10-2201-FCD-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| WELLS FARGO HOME MORTGAGE, | |
| Defendant. | |
| _____ / | |

  Plaintiff, proceeding pro se, brings this civil action regarding his home loan mortgage, apparently alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, and the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*. Pending before the court is defendant's motion to dismiss (Doc. 14). A hearing on the motion was held on November 18, 2010, before the undersigned in Redding, California. Defense counsel Jonathan Fink appeared telephonically; Plaintiff appeared in person.

  **I.**  **Background**

  This is a pro se civil case involving plaintiff's mortgage. While no related case order has been requested or issued, the court notes that plaintiff filed a separate action also

challenging his home mortgage, Foos v. Wells Fargo, 10cv2198-FCD-CMK.[1]

Plaintiff alleges in his complaint that he entered into a contract to refinance his residence, but he was induced into entering a predatory loan agreement, that the defendants committed fraud against him, failed to provide proper notices, charged false fees, and initiated collection procedures knowing they were estopped from doing so under UCC 3-501. He also makes general allegations of unfair practice against the entire real estate industry as a whole, without any specific allegations relating to the defendant. He does not specifically allege when this finance agreement was entered into, but defendants provide a copy of the note which was recorded in Shasta County on February 9, 2007. Defendant has filed a request for the court to take judicial notice of this document, which should be granted.

**II.     Motion to Dismiss**

   A.     Motion

Defendant brings this motion to dismiss the complaint on the grounds that it fails to state a claim and the claims are barred by the statute of limitations. By granting the request for judicial notice, it appears that the statute of limitations has run on Plaintiff's claims. Defendant also argues Plaintiff's request for rescission fails because he fails to allege valid and viable tender of payment. As to plaintiff's claims of TILA violations, defendant argues he does not specify any actual violations. Rather, he makes general, conclusory allegations of unfair dealings throughout the entire real estate industry.

///

///

///

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

Case 2:10-cv-02201-KJM-CMK   Document 26   Filed 12/16/10   Page 3 of 10

In opposition, Plaintiff states that he "has pled more than sufficient facts to allege the nature and extent of the wrongful conduct committed by Defendants in his complaint." However, to the extent further facts are necessary, he states he would file an amended complaint to "more precisely inform defendant Wells Fargo of the specifics of plaintiff's claims."

Plaintiff also opposes defendant's request for judicial notice to the extent that defendant has asked the court to accept their interpretation of the documents and to prove that the foreclosure actions are within statutory parameters. "At the most, the documents may establish date and location of filing and the identity of the filing. The documents do not establish Wells Fargo's actions."

In reply, defendant argues plaintiff failed to address the deficiencies in his complaint. Defendant reiterates plaintiff's complete lack of facts to support his claims. Defendant also elaborates on the argument that plaintiff's claims are barred by the statute of limitations. Specifically, that plaintiff's claim for negligence has a two year statute of limitations, fraud is subject to a three year statute, and the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA) each have either a one- or three- year statue. In addition, defendant argues there is no basis for the application of equitable tolling in that plaintiff failed to plead any basis therefore. Defendant argues the loan contract was entered into on January 29, 2007, and this action was not filed until August 16, 2010, well over three years later.

B.   Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual

3

factual allegations, need not be accepted. See <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." <u>Brazil v. United States Dept of Navy</u>, 66 F.3d 193, 199 (9th Cir. 1995).

   Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

   In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See <u>Cooper v. Pickett</u>, 137 F.3d 616, 622 (9th Cir. 1998); <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see <u>Branch</u>, 14 F.3d at 454; (2) documents whose authenticity is not in question,

4

and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

C.   Discussion

Plaintiff's actual claims are unclear. It appears he is attempting to form a "produce the note" type of claim, which is intended to delay a non-judicial foreclosure. Such claims have universally been rejected. See e.g. Pagtalunan v. Reunion Mortgage Inc., 2009 WL 961995 (N.D. Cal. 2009); Puktari v. Reconstruct Trust Co., 2009 WL 32567 (S.D. Cal. 2009); see also California Trust Co. v. Smead Inv. Co., 6 Cal. App. 2d 432 (1935) (holding that production of the original note is not required in a non-judicial foreclosure). While he fails to clarify this claim, based on his statements regarding defendant's lack of standing and no evidence of contractual obligation, such a claim should be dismissed.

Plaintiff also makes some arguments related to agency law, stating defendants lack the standing of agent. He fails to identify any principal for whom defendant is attempting to act as an agent. He also appears to be attempting to allege conspiracy and theft based on a state law claim of fraud, and RESPA violations based on the fees charged and failure to provide proper documents. He further alleges a claim to quiet title, stating defendants have no title, estate, lien or interest in the property. However, under a "causes of action" section, plaintiff states the following "causes of action": breach of fiduciary duty, negligence, common law fraud, breach of the implied covenant of good faith and fair dealing, violation of Truth in Lending Act, and intentional infliction of emotional distress. Of these identified "causes of action," only the alleged RESPA and TILA violations would appear to be federal claims.

Real Estate Settlement Procedures Act

Plaintiff claims defendant violated the Real Estate Settlement Procedures Act based on the fees charged and lack of documentation showing the fees were valid, necessary, reasonable, and proper. He states "Debtor is unable to determine whether or not the above fees are valid in accordance with the restrictions provided by the various consumer protection laws." He then summarily states "the apparent RESPA violations are as follows: Good Faith Estimate not within limits, No HUD-1 Booklet, Truth In Lending Statement not within limits compared to Note, Truth in Lending Statement not timely presented, HUD-1 not presented at least one day before closing, No Holder Rule Notice in Note, No 1st Payment Letter."

Defendant argues any claim under RESPA is barred by the statute of limitations. 12 U.S.C. § 2614 provides for a one year statute of limitations for any violation of § 2607 or § 2608, and a three year statute of limitations for any violation of § 2605. Section 2605 covers required disclosures and notices, § 2607 includes prohibitions against kickbacks and unearned fees, and § 2608 prohibits a seller from purchasing title insurance from any particular title company. Reading the complaint as broadly as possible, at best Plaintiff may be claiming a violation of either § 2605 or § 2607, or both. Either way, Plaintiff had at most three years to bring this action, barring allowance of equitable tolling. The contract was recorded in early 2007, and this action was not brought until mid 2010, more than three years after the contract was recorded. Thus, the statute of limitation on any claim arising under RESPA has expired.

Plaintiff does raise equitable tolling in his complaint, but as defendant sets forth in the motion, he fails to allege any facts which would entitle him to tolling. His complaint simply states the availability of equitable tolling. He fails to cure, or even address, this defect in his opposition to the motion. Assuming equitable tolling is applicable to RESPA claims, plaintiff has failed to plead any facts to support entitlement to such tolling.

///

///

Accordingly, the motion to dismiss these claims should be granted. However, Plaintiff should be provided an opportunity to cure the defects noted above as it is not absolutely clear that the defects cannot be cured. Plaintiff is cautioned, however, that if he chooses to file an amended complaint to cure the defects noted, his amended complaint shall set forth sufficient facts as to what the alleged violations were, when they occurred, when and how plaintiff discovered the violations. Failure to plead sufficient facts may result in the dismissal of this case.

### Truth In Lending Act

Plaintiff's claim for violation of TILA is as follows:

> Petitioner hereby incorporates by reference, re-pleads and re-alleges each and every allegation contained in all of the paragraphs of the General Allegations and Facts Common to All Causes of Action as though the same were set forth herein. Petitioner is informed and believes that Defendant's violation of the provisions of law rendered the credit transaction null and void, invalidates Defendant's claimed interest in the Subject Property, and entitles Petitioner to damages as proven at trial.

A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling. Plaintiff fails to identify any specific violations of TILA. However, even if specific violations were alleged, 15 U.S.C. § 1640 provides for a one year statute of limitations for an action for damages to be brought. That time starts as of the date of the occurrence of the violation, the date the loan transaction was consummated. See King v. California, 784 F.2d 910, 915 (9th Cir. 1986). As noted above, the loan contract was recorded in February 2007. This was more than three years prior to the commencement of this action. No facts have been alleged to entitle Plaintiff to equitable tolling.

If, instead, Plaintiff is seeking rescission, "an obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]" 15 U.S.C. § 1635(f). Again, more than three years have passed since the loan transaction was consummated. In addition, equitable tolling does not apply

to rescission under this provision of TILA, because § 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if the lender has never made the required disclosures. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). Thus, the right of rescission was extinguished prior to Plaintiff's initiation of this action. Any claim for recession therefore should be dismissed without leave to amend.

Equitable tolling may be applicable "if, despite all due diligence, a Plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1070, 1178 (9th Cir. 2000). In addition, equitable tolling may be available if Plaintiff has "been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Here, there are no such allegations. Plaintiff fails to allege when and/or how he discovered the alleged violations, nor does he set forth any claims that his failure to discover the alleged violations was due to inaccessibility of the documents or any action by defendant. Where a plaintiff has not alleged any facts demonstrating that he could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003) (TILA claims and equitable tolling of the claim dismissed because plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations).

Accordingly, Plaintiff's claims for violation of TILA should be dismissed for failure to state a claim and barred by the statute of limitations. However, he should be granted an opportunity to file an amended complaint to cure the defects in his complaint, and plead facts indicating that equitable tolling would be appropriate, at least as to a damages claim. Plaintiff is again cautioned that if he chooses to file an amended complaint he is required to plead sufficient facts setting for the alleged violations of TILA, as well as the facts which would show he is entitled to equitable tolling.

///

State Law Claims

Plaintiff's complaint also attempts to state a claim for violation of various state laws. He claims breach of fiduciary duty, negligence, fraud, breach of implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. However, he fails to allege facts sufficient to support any of these claims. In addition, it appears the statute of limitations has expired as to most of the claims.

As to plaintiff's claim for breach of fiduciary duty, as defendant points out, a lender has no fiduciary duty to borrowers. See Price v. Wells Fargo Bank, 261 Cal. Rptr. 735, 740 (Cal. Ct. App. 1989). Thus, plaintiff is unable to state a claim for breach of fiduciary duty in this case, and the motion to dismiss that claim should be granted.

Similarly, plaintiff fails to allege the existence of any special relationship with the defendant to support his claim of breach of implied covenant of good faith and fair dealing. Nor does it appear possible for plaintiff to do so. See id. Thus, the motion to dismiss that claim should be granted.

As to plaintiff's negligence, fraud, and emotional distress claims, beyond pleading inadequacies to support these claims, it appears that the statute of limitations on these claims has expired. The applicable statutes provide for at most a three year statute of limitations. See Cal. C. Civ. Proc. §§ 335.1, 338, 340. As the loan agreement was entered into more than three years prior to the filing of this action, it would appear that the statute of limitations have expired. In addition, plaintiff's claims fail to plead sufficient facts to meet the elements and pleading requirements for these claims. See Ladd v. County of San Mateo, 50 Cal. Rptr. 2d 309, 311 (1996) (negligence); Christensen v. Superior Court, 2 Cal. Rptr. 2d 79, 100 (Cal. 1991) (intentional infliction of emotional distress); Lancaster Cmty. Hosp. v. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir. 1991) (fraud).

Finally, as Plaintiff fails to state a claim for any federal violation for which the court has original jurisdiction, the court should decline to exercise supplemental jurisdiction over

the alleged state law violations.  See 28 U.S.C. § 1367(c)(3).  If plaintiff is able to successfully plead a claim based on violation of federal law, and overcome the statute of limitations issues, the court may then consider whether to exercise supplemental jurisdiction over plaintiffs' state law claims.

### III.  CONCLUSION

Plaintiff's complaint fails to allege sufficient facts to support any of his claims. He fails to identify how defendant violated either RESPA or TILA, and fails to allege facts to support any of his state law claims.  In addition, it appears that, barring some entitlement to equitable tolling, the statute of limitations has run on all of his claims.  Thus, the motion to dismiss should be granted, but plaintiff should be allowed an opportunity to file an amended complaint to cure these pleading defects and set forth facts to support his allegations and his claim to equitable tolling.

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 14) be granted with leave to amend.  Any amended complaint should be filed within 30 days of the date these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 15, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE